UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ALEJANDRO ESTRADA,<br><br>    *Plaintiff*,<br><br>  vs.<br><br>ST. MATTHEW'S UNIVERSITY<br>SCHOOL OF MEDICINE,<br><br>    *Defendant*. | Case No.: |

**TEMPORARY RESTRAINING ORDER
AND ORDER SETTING PRELIMINARY INJUNCTION HEARING**

**THIS MATTER** is before the Court upon Plaintiff's Motion for Temporary Restraining Order **[DE ___ ]** (the "Motion"), filed contemporaneously with Plaintiff's Complaint **[DE ___ ]** on September 25, 2020.  The Court has considered the Motion and supporting Memorandum of Law, reviewed the pleadings on file, and is otherwise fully advised in the premises.

Plaintiff Alejandro Estrada ("Alex") moves *ex parte* for a Temporary Restraining Order against Defendant St. Matthew's University School of Medicine ("SMU") restraining SMU from requiring that Alex take the National Board of Medical Examiners' Comprehensive Clinical Science Exam (the "NBME-CCSE") and pass the NBME-CCSE in excess of the national passing standard by an amount changed by SMU at will (the "Elevated Standard") as a prerequisite to SMU allowing Alex to take the USMLE Step 2 CK licensing exam, and compelling SMU to immediately certify Alex to take the USMLE Step 2 CK licensing exam so that he can obtain results before applications are reviewed for the 2021 National Resident Matching Program (the "Match").

Pursuant to Rule 65 of the Federal Rules of Civil Procedure, "[a] district court may issue a preliminary injunction when the moving party demonstrates (1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered unless the injunction is issued; (3) the threatened injury to the moving party outweighs whatever damage the proposed injunction might cause the non-moving party; and (4) if issued, the injunction would not be adverse to the public interest." *BellSouth Telecommunications, Inc. v. MCIMetro Access Transmission Services, LLC*, 425 F.3d 964, 968 (11th Cir. 2005). The Court may grant a Temporary Restraining Order on the same grounds as a preliminary injunction. *Rumfish Y Vino Corp. v. Fortune Hotels, Inc.*, 403 F. Supp. 3d 1227, 1231 (M.D. Fla. 2019). Additionally, a party seeking *ex parte* temporary relief must demonstrate that immediate and irreparable harm will result before the adverse party can be heard and the movant must state facts as to why notice should not be given to the adverse party. Fed. R. Civ. P. 65.

Despite the fact that the NBME-CCSE exam is not required for Alex to become licensed to practice medicine, Alex has taken the exam and has passed the exam in excess of the national standard. Notwithstanding the foregoing, SMU is refusing to allow Alex to take the USMLE Step 2 CK – an exam that tests the same subject matter as the NBME-CCSE, which Alex passed, and, specifically, the exam that is required for licensure to practice medicine. SMU is refusing to certify Alex to take the USMLE Step 2 CK on the basis that Alex did not meet SMU's Elevated Standard on the otherwise unnecessary NBME-CCSE, which is substantially higher than the national passing standard. Before Alex can be permitted by the USMLE to take the Step 2 CK exam, the Defendant medical school must "certify" that Alex is a current student or graduate. It is indisputable that Alex is a current student at Defendant St. Matthew's University School of Medicine; however, SMU is refusing to submit the necessary certification of Alex's current status

as a student until he satisfies other, unrelated requirements that did not even exist when Alex accepted his offer of admission and began medical school at SMU. Defendant's continued refusal to certify that Alex is a current student, so that Alex can take the USMLE Step 2 CK, will prevent Alex from completing his application for the annual residency Match, thereby delaying his medical career by at least one year.

Plaintiff asserts that Defendant's unilateral imposition of the *ad hoc* requirement that students take the NBME-CCSE and pass the exam to SMU's Elevated Standard is a deceptive and unfair trade practice in violation of Florida's Deceptive and Unfair Trade Practices Act, Fla. Stat. §§ 501.201, *et seq.*, and that Defendant's violations will cause irreparable harm to Plaintiff by delaying his medical education and career by at least one year if this Temporary Restraining Order is not issued forthwith so that Plaintiff can take the USMLE Step 2 CK exam, receive his score results, and complete his application to the 2021 Match by 9:00 a.m. on October 21, 2020.

The Court agrees and finds that Plaintiff's Motion satisfies all evidentiary and procedural requirements for the issuance of a Temporary Restraining Order, that Plaintiff has demonstrated a substantial likelihood of success on the merits, that Plaintiff will suffer irreparable harm unless the Temporary Restraining Order is issued, that there is substantial threatened injury to Plaintiff, that there is little or no threatened damage to Defendant from the Court issuing the Temporary Restraining Order such that a bond or other security is unnecessary, that the Temporary Restraining Order is not adverse to the public interest, and that avoiding immediate and irreparable harm to Plaintiff requires that the Temporary Restraining Order be issued without notice to Defendant or hearing. Accordingly, after due consideration, it is hereby

**ORDERED AND ADJUDGED** that:

1. Plaintiff Alejandro Estrada's Motion for Temporary Restraining Order is **GRANTED**;

2. Defendant St. Matthew's University (Cayman) Ltd., also known as St. Matthew's University (Cayman) Ltd., Corp., and doing business as St. Matthew's University School of Medicine, is restrained from requiring that Plaintiff take the NBME-CCSE exam and pass in excess of the national passing standard as a prerequisite to allowing Plaintiff to take the USMLE Step 2 Clinical Knowledge exam;

3. Defendant and any responsible administrators, faculty, or other individuals employed by Defendant shall immediately certify Plaintiff Alejandro Estrada to take the USMLE Step 2 Clinical Knowledge exam;

4. Plaintiff shall not be required to post a bond or security;

5. An evidentiary hearing on the issuance of a preliminary injunction shall be held October \_\_\_\_, 2020, at _____ a.m./p.m., or as soon thereafter as counsel can be heard, on the relief granted herein and on any other matters brought before the Court on a Motion for Preliminary Injunction filed by Plaintiff in advance thereof;

6. Plaintiff shall promptly serve a copy of this Temporary Restraining Order, as well as all pleadings and motions filed in this action, upon Defendant;

7. This Temporary Restraining Order shall remain in full force and effect until the entry of a further Order after the hearing set forth above, not to exceed 14 days from the date and hour this Temporary Restraining Order is entered, unless extended for good cause shown.

**DONE AND ORDERED** in Orlando, Florida, on _____, 2020, at _____ a.m./p.m.

_____
U.S. DISTRICT COURT JUDGE

Copies to:  ALL PARTIES OF RECORD.