UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALEJANDRO ESTRADA,**

       **Plaintiff,**

v.                                                        **Case No: 6:20-cv-1763-Orl-41EJK**

**ST. MATTHEW'S UNIVERSITY**
**SCHOOL OF MEDICINE,**

       **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on Plaintiff's Motion for Temporary Restraining ("Motion," Doc. 3). Insofar as the Motion seeks ex parte relief, it will be denied. However, the Court will construe the remainder of the Motion as a request for a preliminary injunction and for an expedited hearing. Ruling on the preliminary injunction will be deferred, and the request for an expedited hearing will be granted.

Plaintiff is a medical student at Defendant St. Matthew's University School of Medicine, which is located in the Cayman Islands. (Estrada Decl., Doc. 3-1, at 1). Plaintiff seeks to sit for the "USMLE Step 2 Clinical Knowledge Exam" ("USMLE Step 2"), a medical licensing exam that students are required to pass prior to being "match[ed]" into a residency program. (Doc. 3 at 3). Plaintiff alleges that Defendant is preventing him from sitting for the USMLE Step 2 based on an "unnecessary" pretest on which Defendant is imposing an "arbitrarily high and ever-increasing standard" for passage. (*Id.*). Plaintiff filed the instant Motion, requesting, *inter alia*, a temporary restraining order "compelling [Defendant] to immediately certify [Plaintiff] to take the USMLE Step 2." (*Id.* at 12).

Pursuant to Federal Rule of Civil Procedure 65(b), a district court may issue a temporary restraining order "without written or oral notice to the adverse party" if the requesting party provides "specific facts . . . [that] clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition." Additionally, to obtain such emergency, ex parte relief, Plaintiff must explain why notice and a hearing would be "impractical if not impossible," M.D. Fla. R. 4.05(b)(2), and must certify in writing "the reasons why [notice] should not be required," Fed. R. Civ. P. 65(b)(1)(B).

Plaintiff argues that "the irreparable harm [he] will suffer if he is unable to take the [USMLE] Step 2 . . . immediately is so imminent that it would be impractical if not impossible to avoid such harm with opportunity for notice and hearing on a Motion for Preliminary Injunction." (Doc. 3 at 5). But Plaintiff does not explain why he must sit for the USMLE Step 2 "immediately" other than to cite "the impending October 21, 2020, deadline" for the residency match process. (*Id.* at 9). In other words, Plaintiff fails to explain why, for example, he needs to take the exam this week—prior to providing notice to Defendant—instead of next week. However, given the October 21, 2020 deadline, the Court does recognize the need for an expedited hearing on the matter. Therefore, because Plaintiff has failed to meet the burden necessary to obtain the extraordinary ex parte relief of a temporary restraining order, the Motion will be denied insofar as it requests ex parte relief, but the Motion will be construed as a request for preliminary injunction, and the Court will grant an expedited hearing on the matter.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. Plaintiff's Motion for Temporary Restraining (Doc. 3) is **DENIED**.
2. Plaintiff's Motion is construed as a request for preliminary injunction.
   a. Ruling on the request for a preliminary injunction is **DEFERRED**.

      b. An expedited hearing on the preliminary injunction is **GRANTED**.

3. **On or before September 29, 2020**, Plaintiff shall serve Defendant with a copy of the Complaint, the Motion for Temporary Restraining Order, and this Order.

4. Plaintiff and Defendant shall appear on **Friday, October 2, 2020, at 1:30 PM** in Courtroom 5B, George C. Young United States Courthouse Annex, 401 W. Central Boulevard, Orlando, Florida, before the Honorable Carlos E. Mendoza. The Court has reserved **no more than ninety minutes for the hearing**. The parties should be prepared specifically to address the issues of venue and substantial likelihood of success on the merits.

**DONE** and **ORDERED** in Orlando, Florida on September 28, 2020.



CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record