UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| ALEJANDRO ESTRADA, | ) ) ) |
| Plaintiff | ) ) |
| v. | ) Civil Action No: 6:20-cv-1763-ORL-41EJK ) |
| ST. MATTHEW'S UNIVERSITY SCHOOL OF MEDICINE, | ) ) ) ) |
| Defendant. | ) ) |

CASE MANAGEMENT REPORT

The parties have agreed on the following dates and discovery plan pursuant to Federal Rule of Civil Procedure 26(f) and Local Rule 3.05(c):

| DEADLINE OR EVENT | AGREED DATE |
|---|---|
| Mandatory Initial Disclosures (pursuant to Fed. R. Civ. P. 26(a)(1)) [Recommended: 30 days after CMR meeting] | January 8, 2021 |
| Motions to Add Parties or Amend Pleadings [Recommended: 1–2 months after CMR meeting] | February 1, 2021 |
| Disclosure of Expert Reports            Plaintiff:                                                                    Defendant: [Recommended: 1–2 months before discovery deadline] | July 23, 2021 August 24, 2021 |
| Discovery Deadline [Recommended: 6 months before trial; all discovery must be commenced in time to be completed before this date] | September 24, 2021 |
| Dispositive and *Daubert* Motions [Required: 5 or more months before the trial term begins] | October 25, 2021 |
| Meeting In Person to Prepare Joint Final Pretrial Statement [Required: at least 10 days before Joint Final Pretrial Statement deadline] | February 15, 2022 |

| | |
|---|---|
| Joint Final Pretrial Statement (including a single set of jointly-proposed jury instructions and verdict form, voir dire questions, witness lists, and exhibit lists with objections on approved form)<br>[Recommended: 4 weeks before trial term begins] | February 25, 2022 |
| All Other Motions (including motions in limine and trial briefs)<br>[Required: 2 months before trial term begins] | January 25, 2022 |
| Trial Term<br><br>[Local Rule 3.05(c)(2)(E) recommends within two years on Track Two cases; trial term must be at least five months after the dispositive motion deadline;] | March 25, 2022 |
| Estimated Length of Trial [trial days] | 2 |
| Jury/Non-Jury | Jury |
| Mediation Deadline:<br>The parties have conferred regarding potential mediators and mediation locations but were unable to reach an agreement. The parties request a 30-day extension of time in which to designate a mediator.[Recommended: 2–3 months after CMR meeting or just after discovery deadline; mediation is mandatory] | October 8, 2021 |
| Parties Consent to Proceed Before a Magistrate Judge | Yes___  No_X__ |

## I. MEETING OF PARTIES IN PERSON

Lead counsel and any unrepresented parties must meet *in person* and not by telephone absent an order permitting otherwise. The meeting shall take place in the Middle District of Florida unless counsel and any unrepresented parties agree on a different location. Counsel and any unrepresented parties hereby certify that a meeting was held on November 11, 2020, at 4:00 p.m. and was attended by:

Brandon G. Little – Attorney for Plaintiff Alejandro Estrada
Dale A. Evans Jr. – Attorney for Defendant St. Matthew's University School of Medicine

The parties met via Zoom video conference pursuant to the Orlando Division Protocol for Proceedings During COVID-19 Directives, issued by Chief Judge Roy B. Dalton Jr. on March 18, 2020.

## II.   INITIAL DISCLOSURES

Federal Rule of Civil Procedure 26 provides that these disclosures are mandatory in Track Two and Track Three cases except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05 to the extent that Rule 3.05 opts out of the mandatory discovery requirements).

The parties ___ have exchanged _X__ agree to exchange (check one) information described in Rule 26(a)(1)(A)–(D) by January 8, 2021.

## III.   ELECTRONIC DISCOVERY

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Initial Disclosures, Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case.

_X__ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:

1. The form or forms in which ESI should be produced. – Native format, except as agreed by the parties or where the time and expense required to make production in native format is not proportional to the needs of the case.

2. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought. – Subject to the discovery scope and limits set forth in Fed. R. Civ. P. 26(b), emails, and other documents, communications, and other ESI from reasonably accessible sources of electronic storage of such documents, communications, and other ESI, including, but not necessarily limited to, computers, email servers, and other such reasonably accessible sources of ESI, spanning a timeframe from Plaintiff's application to SMU to the present. The specific inclusion of text messages, smart phones, and tablets among our contemplated ESI disclosure and discovery, and the relevant timeframe including a period prior to Plaintiff's application to SMU, are in dispute as further detailed below.

3. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata. – No specific type of metadata beyond that typically attached to production in native format.

4. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information. – Computers, email servers, and other reasonably accessible sources of ESI, utilized by any party during the aforestated time period.  The specific inclusion of smart phones, tablets, and devices utilized by a party's employees or agents among the sources of ESI that should be searched is in dispute as further detailed below.

5. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems. – TBD.

6. Any issues relating to preservation of discoverable ESI. – Parties will ensure that all information is preserved and that no regular maintenance procedures or automatic deletion protocols will result in spoliation of evidence.

7. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall file a separate motion for a protective order and attach a copy of the proposed order to the motion. The parties should attempt to agree on protocols that minimize the risk of waiver. Any proposed protective order shall comply with Local Rule 1.09 and Section IV.F below on Confidentiality Agreements. – Parties agree to meet and confer regarding the terms of a stipulated confidentiality agreement to facilitate production without the need for unnecessary motion practice or other judicial intervention.

Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' positions on each:

Plaintiff Estrada states:

> As to the foregoing Paragraphs 2 and 4, Defendant SMU insists on excluding text messages, smart phones, and tablets from ESI discovery and disclosure, and will not agree that these devices and communications may contain responsive ESI on the basis that doing so would be "premature" before first receiving specific discovery requests and then having an opportunity to raise objections at the conclusion of time allowed by the Federal Rules of Civil Procedure.  Defendant SMU further disputes the possibility of relevant documents and communications existing from a time period prior to Estrada's application to the University; however, the case turns on SMU's policies and procedures, and how those policies

and procedures have changed over time. Thus, relevant and responsive discovery likely exists from times prior to Estrada's application to SMU. Defendant SMU also insists on limiting the sources of ESI to be searched for responsive documents and communications only to those utilized by the "party," but not the "party's employee(s) or agent(s)." Defendant SMU is a corporate entity, and like all corporate entities, it can only act through its directors, employees, agents, and other individuals. These devices, utilized by Defendant SMU's employees and agents to carry out school-related functions, are likely sources of ESI relevant to the issues in this case, and Defendant's refusal to agree to include these sources of ESI in its search for responsive documents and communications is nothing more than an attempt to disrupt and delay the discovery process.

Defendant SMU states:

Estrada requests that SMU agree in Section III(2) that the "[n]ature and extent of the contemplated ESI disclosure and discovery" includes text messages, smart phones, and tablets. SMU agrees that the contemplated ESI disclosures and discovery include reasonably accessible sources of ESI subject to the discovery scope and limits set forth in Fed. R. Civ. P. 26(b), which, depending on the specific discovery request propounded by Estrada *may* include a review of applicable and responsive text messages, smart phones, and tablets, but SMU is unwilling to agree in the CMR on an omnibus, case-wide basis and prior to the service of any discovery requests that text messages, smart phones, and tablets are automatically considered part of the contemplated ESI discovery in this case.

Estrada requests that SMU agree in Section III(2) that the "time period for which discovery will be sought" spans a "timeframe, from, at a minimum, Plaintiff's application to SMU to the present." Plaintiff applied to SMU six years ago in 2014 and challenges changes to SMU's handbook and policies that occurred after 2014. Thus it appears unlikely that communications and documents prior to 2014 are relevant to his claims and proportional to the needs of the case. SMU is unwilling to agree in the CMR on an omnibus, case-wide basis and prior to the service of any discovery requests that documents and communications prior to 2014 are automatically considered part of the contemplated ESI discovery in this case.

Similarly, Estrada requests in Section III(4) that SMU agree that smart phones and tablets utilized by "any . . . party's employee(s) or agent(s) at any time" are among the sources of ESI within SMU's control that should be searched for ESI. SMU agrees that reasonably accessible sources of ESI utilized by any party should be searched, which, depending on the specific discovery request propounded by Estrada *may* include smart phones and tablets of specific SMU employees, but SMU is unwilling to agree in the CMR on an omnibus, case-wide basis and prior to the service of any discovery requests that the smart phones and tablets of "any . . . party's employee(s) or agent(s) at any time" should automatically be searched for ESI.

If there are disputed issues specified above, or elsewhere in this report, then (check one):

_X_ One or more of the parties request that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Federal Rule of Civil Procedure 16(a).**

___ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

## IV.   AGREED DISCOVERY PLAN

### A.   Certificate of Interested Persons and Corporate Disclosure Statement

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper—including emergency motion—is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

__X__ Yes

_____ No   Amended Certificate will be filed by _____ (party) on or before _____ (date).

    **B.**    **Discovery Not Filed**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests via an electronic medium. *See* Local Rule 3.03(e).

    **C.**    **Limits on Discovery**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A)(i); Fed. R. Civ. P. 31(a)(2)(A)(i); *see also* Local Rule 3.02. Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); *see also* Local Rule 3.03. Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(1). The parties may agree by stipulation on other limits on discovery. Fed. R. Civ. P. 29. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

1. Depositions: the parties agree to the limits set by the Federal Rules of Civil Procedure.
2. Interrogatories: the parties agree to the limits set by the Federal Rules of Civil Procedure.
3. Document Requests: the parties agree to the limits set by the Federal Rules of Civil Procedure.
4. Requests to Admit: the parties agree to the limits set by the Federal Rules of Civil Procedure.

5. Supplementation of Discovery: as required by the Federal Rules of Civil Procedure.

**D.      Discovery Deadline**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: N/A

**E.      Disclosure of Expert Testimony**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Rule 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information contained in the written expert report or encompassed by the expert summary disclosed pursuant to Rule 26. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: N/A

**F.      Confidentiality Agreements**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The Court is a public forum, and motions to file under seal are disfavored. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. American Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion

to file under seal requesting such Court action together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows: To the extent that any party seeks the discovery of confidential information, the parties agree to meet and confer regarding the terms of a stipulated confidentiality agreement governing the exchange of confidential information and documents.

### G. Other Matters Regarding Discovery

The parties agree as follows: N/A.

## V. SETTLEMENT AND ALTERNATIVE DISPUTE RESOLUTION

### A. Arbitration

The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

\_\_\_\_\_ Yes—binding

\_\_\_\_\_ Yes—non-binding

\_\_X\_\_ No

B.   **Mediation**

Absent arbitration or a Court order to the contrary, the parties in every case must participate in Court-annexed mediation as detailed in Chapter Nine of the Local Rules. The parties have agreed on a mediator as set forth in the table above, and they have agreed to the date stated in the table above as the last date for mediation. A list of Court approved mediators is available from the Clerk and is posted on the Court's web site at http://www.flmd.uscourts.gov. However, the parties may unanimously agree to use a mediator who is not on that list.

C.   **Settlement**

At any point during the pendency of this litigation, the parties may request a settlement conference before a United States Magistrate Judge by filing a motion with the Court. Settlement conferences may not be used as a substitute for mediation, and the parties must still designate a mediator and mediation deadline.

D.   **Other Alternative Dispute Resolution**

The parties intend to pursue the following other method(s) of alternative dispute resolution: N/A

Date: November 18, 2020

Signature of Counsel (compliant with Local Rule 1.05(d)) and Unrepresented Parties

| /s/ Scott A. Mager | /s/ Dale A. Evans |
|---|---|
| Scott A. Mager | Dale A. Evans Jr. |
| Florida Bar Number 768502 | Florida Bar Number 98496 |
| Mager Paruas, LLC | Locke Lord LLP |
| 2719 Hollywood Boulevard | 777 South Flagler Drive |
| Hollywood, FL 33020 | East Tower, Suite 215 |
| Telephone: 954-763-2800 | West Palm Beach, FL 33401 |
| service@mpjustice.com | Telephone: (561) 833-7700 |
| *Counsel for Plaintiff Alejandro Estrada* | Facsimile:  (561) 655-8719 |
| | dale.evans@lockelord.com |
| | *Counsel for Defendant St. Matthew's University School of Medicine* |