UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____
                                    )
ALEJANDRO ESTRADA,                  )
                                    )
      Plaintiff                    )
                                    )
v.                                  )   Civil Action No: 6:20-cv-1763-ORL-41EJK
                                    )
ST. MATTHEW'S UNIVERSITY            )
SCHOOL OF MEDICINE,                 )
                                    )
      Defendant.                   )
_____)

**REPLY MEMORANDUM IN SUPPORT OF DEFENDANT ST. MATTHEW'S UNIVERSITY SCHOOL OF MEDICINE'S MOTION TO DISMISS**

**Argument**

**I.  Estrada's Opposition Fails to Save His Breach of Contract Claims.**

Estrada's opposition concedes that SMU has the authority to make changes to its Handbook, but he contends that SMU exceeded that authority by making changes that were "arbitrary and capricious." Dkt. 33 at 4-5. It is not enough, however, to simply assert in conclusory fashion that an action was "arbitrary and capricious." Merely reciting the elements of a claim, or otherwise making conclusory allegations unsupported by specific facts, fails to state a plausible claim for relief. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Lacking any facts to support his claim that SMU has acted in an arbitrary and capricious manner, Estrada resorts to mischaracterizing SMU's position in this case. It is not, as Estrada claims, that SMU can modify its academic requirements "in any way it chooses." Dkt. 33 at

5.[1] To the contrary, SMU contends only that it may modify those requirements in a manner that is rational and serves a proper purpose – specifically in this case, to ensure that its students are well-prepared to take the USMLE Step 2 CK examination. Dkt. No. 27 at 7. Moreover, as SMU noted in its opening brief, Estrada's complaint itself alleges the facts supporting SMU's rational – not arbitrary – justification for implementing and thereafter revising its pre-testing requirements for the USMLE Step 2 CK exam, successful performance of which is critical to a medical student's application for the residency match program. *Id.* at 10 (citing Compl. ¶ 42 & Ex. 5 at 138); *id.* at 2 (citing Compl. ¶¶ 39, 62, Compl. Ex. 1).

Nor is it arbitrary and capricious for SMU to set standards above the NBME minimum passing score, as Estrada contends. It is self-evident that requiring students to study more, not less – to be well-prepared, not just minimally prepared – is not arbitrary and capricious. Nor would it be so if, as Estrada alleged for the first time in his response brief, SMU does this in part because it is concerned about its "statistics" relative to students passing the Step 2 CK exam on their first attempt. Dkt. 33 at 3. SMU is properly concerned with how many students pass on their first attempt, both for the students' own sake – passing on the first attempt maximizes a student's chances of matching – and in the interest of public confidence in SMU's medical program.

There also is no merit to Estrada's claim that SMU imposes a standard "well in excess of national norms." Dkt. No. 33 at 2. He alleges no specific facts to support this claim. Nor could he, as SMU's standard for passing the CCSE preparatory exam is a score of 222, well

---

[1] Estrada makes the same argument in support of his claim for breach of the implied covenant of good faith and fair dealing. Dkt. No. 33 at 6.

below above the national average of 244. *See* NBME CCSE Sample Score Report for January 23, 2020, available at https://www.nbme.org/sites/default/files/2020-08/CCSE%20CPI%20Profile%20Sample_Final.pdf.[2]

Nor is there any merit to Estrada's allegation – made for the first time in his opposition – that SMU "redirect[s] funds" to "third-party" exam pretest programs. Dkt No. 33 at 3. These allegations are insufficient. Estrada does not allege how requiring poorly-performing students to purchase test-prep materials is an unfair or deceptive act. To the extent Estrada is implying some sort of kick-back scheme or other financial benefit to SMU, Estrada has not alleged those facts in his complaint, and he offers no facts to support such a baseless accusation– a failing which is not excused by his unfounded hope to find such facts in discovery. *See Carter v. DeKalb Cty., Ga.*, 521 F. App'x 725, 728 (11th Cir. 2013) ("[D]iscovery *follows* 'the filing of a well-pleaded complaint. It is not a device to enable the plaintiff to make a case when his complaint has failed to state a claim.'" (citation omitted); *Turner v. Williams*, No. 3:19-CV-641-J-32PDB, 2020 WL 1904016, at *7 (M.D. Fla. Apr. 17, 2020) (plaintiff's "argument that a generalized pleading of a policy or custom is sufficient to withstand a motion to dismiss and permit discovery is not well taken.").

---

[2] The Court may take judicial notice of NBME's average CCSE score pursuant to Federal Rule of Evidence 201(b)(2) because this fact can be accurately and readily determined from sources whose accuracy cannot be reasonably questioned. Specifically, as Estrada noted in his Complaint (Dkt. 1-1), the NBME is the organization that administers the CCSE and is therefore in the best position to calculate and publish its average scores.

## II. Estrada's Opposition Fails to Save His Fraud Claim.

As SMU demonstrated in its opening memorandum, Estrada's complaint failed to allege any false statement that was made to him. Dkt. No. 27 at 13. Estrada's opposition merely repeats the insufficient allegations in his complaint. Dkt. No. 33 at 9-10.

## III. Estrada's Opposition Fails to Save His FDUTPA Claim.

Estrada accuses SMU of making "a brazen and plainly false claim" that he has omitted from his complaint any alleged unfair or deceptive trade practice. Dkt. No. 33 at 11. Estrada points to passages in the complaint where he formulaically recites those words, but that is beside the point. SMU's argument, of course, is not that Estrada failed to recite the elements of his claim; rather, it is that Estrada has done only that – making conclusory assertions which are unsupported by specific allegations of facts. Dkt. No. 27 at 7-8, 14-15.

Nor has Estrada saved his claim by arguing that SMU's Official Catalogue omits SMU's pretesting requirements. Dkt. No. 33 at 11. The Official Catalogue does not purport to contain all of SMU's educational or testing policies and in any event it specifically states that the information in the Catalogue is subject to change. Compl. Ex. 3 at 37. In addition, as this Court recognized in its Order denying Estrada's motion for a preliminary injunction, Estrada's FDUTPA claim suffers from a fatal flaw—SMU did disclose in the 2015 Handbook an approval process that encompassed the challenged pretesting requirements. Dkt. No. 28 at 4.

## IV. Estrada's Opposition Fails to Save His Declaratory Judgment Claim.

Estrada attempts to avoid the fact that his declaratory judgment claim is duplicative of his other claims by noting that he has sought a declaration that "Defendant and Plaintiff share a special relationship with certain obligations and expectations as a result of that relationship"

4

and that SMU violated those obligations by preventing him from taking the USMLE Step 2 CK exam and preventing him from obtaining ECFMG certification. Dkt. No. 33 at 13 (citing Compl. ¶ 94(ix)-(xiv)). Estrada cites no authority for this "special relationship" claim. Nor does he offer any explanation as to how this Court properly could recognize a new cause of action under Florida law, much less one that trumps a university's inherent authority to establish its own academic standards.

**V.     Estrada's Opposition Fails to Save his Claim for Injunctive Relief.**

Estrada argues that he lacks an adequate remedy at law because he will suffer harm that cannot be compensated with money damages. Dkt. 33 at 14. However, he has not alleged what that irreparable harm would be. The harm stemming from failing to match this year would be a one-year delay in the commencement of his residency. Such harm is adequately compensable by money damages. *See, e.g., Sharick v. Se. Univ. of Health Scis., Inc.*, 780 So. 2d 136, 141 (Fla. 3d DCA 2000) (allowing damages for loss of a medical degree); *see also Montague v. Yale Univ.*, No. 3:16-CV-00885(AVC), 2017 WL 4942772, at *4 (D. Conn. Mar. 8, 2017) (suffering a delay in education analogous to a suspension can be remedied through monetary compensation); *Knoch v. Univ. of Pittsburgh*, No. 2:16-CV-00970-CRE, 2016 WL 4570755, at *8 (W.D. Pa. Aug. 31, 2016) ("The Court finds that while Plaintiff will suffer injury by not timely graduating because of his suspension, this injury is not irreparable"); *Baer v. Nat'l Bd. of Med. Examiners*, 392 F. Supp. 2d 42, 49 (D. Mass. 2005) ("inability to continue as a medical student without interruption at Drexel, while desirable, is not a harm that is irreparable to Baer's potential medical career."); *see also Hodges v. Bd. of Supervisors of Louisiana State Univ. &*

*Agric. & Mech. Coll.*, No. CV 20-1456, 2020 WL 5017665, at *4 (E.D. La. Aug. 25, 2020) (collecting cases).

**VI.     Dismissal with Prejudice is Proper.**

Where, as in this case, the plaintiff facing a motion to dismiss has not specifically sought leave to amend his complaint, and not explained how such amendment would not be futile, dismissal with prejudice is proper. *See Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002).

Estrada's reliance on *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977), is misplaced. That case concerns dismissal as a remedy for a violation of a discovery order under Rule 37, not a dismissal on the merits under Rule 12(b)(6).

**Conclusion**

The Plaintiff's complaint should be dismissed with prejudice.

December 8, 2020                                     Respectfully submitted,

                                       By     */s/ Dale A. Evans Jr.*
                                                Dale A. Evans Jr.
                                                Florida Bar No. 98496
                                                **LOCKE LORD LLP**
                                                777 South Flagler Drive
                                                East Tower, Suite 215
                                                West Palm Beach, FL  33401
                                                Telephone:     (561) 833-7700
                                                Facsimile:     (561) 655-8719
                                                dale.evans@lockelord.com

                                                *Counsel for Defendant St. Matthew's*
                                                *University School of Medicine*

**CERTIFICATE OF SERVICE**

I certify that on the 8th day of December 2020, I presented the foregoing document to the Clerk of Court for filing and uploading to the CM/ECF system, which will provide a notice of electronic filing to:

Scott A. Mager, Esq.
Brandon G. Little, Esq.
Mager Parúas, LLC
2719 Hollywood Blvd.
Hollywood, FL  33020
service@mpjustice.com

*Counsel for Plaintiff Alejandro Estrada*

*/s/ Dale A. Evans Jr.*
Dale A. Evans Jr.
Florida Bar No.:  98496

90933225